IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. |
| AGNES WUNNETTER LANE, | ) | |
| | ) | 22-32163-SGJ-13 |
| Debtor. | ) | |
| ------------------------------------------------------- | ) | |
| AGNES WUNNETTER LANE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:23-CV-1074-G |
| MONTY HARGRAVE, | ) | |
| | ) | |
| Appellee. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is an appeal by Agnes Wunnetter Lane ("Lane," "the debtor," or "the appellant") from an order of the bankruptcy court.  Appellant's Brief at 5 (docket entry 9).  Lane challenges the bankruptcy court's decision to grant the motion of Monty Hargrave ("Hargrave," "the creditor," or "the appellee") to annul the automatic stay as to a property in which Lane resided.  For the reasons set forth below, the order of the bankruptcy court is affirmed.

I.  BACKGROUND

A.  Nature of the Appeal

The issues in this appeal relate to the foreclosure sale of a property located at 717 N. Commerce Street, Corsicana, Texas 75110 ("the property").  The property was previously owned by the appellant's mother, who bought it from the appellee in 2015.  Appellant Record ("R.") at 87 (docket entry 7-2).  The appellant's mother executed a Deed of Trust, granting the appellee a lien on the property.  *Id*.  After the appellant's mother died in 2020, her heirs (the appellant and a third party) executed an amendment to the note with the appellee, in which the appellant assumed liability for the note.  *Id*. at R. 87, 147.

During a previous bankruptcy case involving the appellant, the appellee learned that the appellant owed $7,000.00 in delinquent property taxes on the property in violation of the amended note.  *Id*. at R. 88, 96.  Upon the dismissal of that bankruptcy in October 2022, the appellant declared the total amount of the note due immediately.  *Id*. at R. 88.  The amount due was $33,340.10, and included the principal balance, unpaid interest, late fees, unpaid property taxes, and attorneys' fees.  *Id*.

After the appellee declared the amount on the note due, the appellant filed the current bankruptcy petition.  The appellant filed her voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 17, 2022, triggering the

automatic stay.  Notably, the list of creditors in the petition did not include the appellee.  *Id*. at R. 113-19.  Two days after filing, a copy of the petition was served on the parties listed on the Certificate of Notice, which also did not include the appellee. *Id*. at R. 123-24.  On December 1, 2022, the appellant filed the Chapter 13 Plan, which included a Certificate of Service stating the appellee was a creditor and was served with a copy of the plan.  *Id*. at R. 89.  The appellee avers that he did not receive a copy of the plan.  *Id*.  In his affidavit before the bankruptcy court, he states that it appears that the appellant may have served the plan on the list of creditors that did not include him rather than the updated one.  *Id*.  The appellant denies this and avers that the appellee was properly served.  *Id*. at R. 139.  A clerk for the appellant's counsel stated under oath that she served all parties on the updated list with a copy of the plan, including the appellee.  *Id*. at R. 144.  Regardless, the Chapter 13 Trustee filed a Notice of Insufficient Creditor Address one month later, listing the appellee as a creditor with an insufficient address.  *Id*. at R. 133.

Claiming he did not have notice of the appellant's bankruptcy at the time, the appellee filed a foreclosure notice on the property on December 2, 2022.  *Id*. at R. 126.  The property was sold to a third party on January 3, 2023, for $35,000.00.  *Id*. at R. 89.  On January 12, 2023, the appellant's counsel sent a letter to the appellee notifying him of the bankruptcy and accusing him of violating the automatic stay.

*Id*. at R. 90, 136-137.  The appellee avers that the letter was the first time he had any
knowledge of the appellant's bankruptcy proceedings.  *Id*. at R. 90.

Following the foreclosure sale, the appellee filed his Motion to Annul, or in the
Alternative, Motion to Lift Stay as to 717 N. Commerce Street, Corsicana, Texas,
seeking to validate the foreclosure sale.  *Id*. at R. 30.  Hargrave alleged numerous
reasons why the bankruptcy court should annul the stay, including his lack of notice
of the bankruptcy, the debtor's default on the note, the debtor's failure to pay taxes
on the property, the debtor's lack of insurance on the property, and the debtor's lack
of equity in the property.  *Id*. at R. 31-35.  In response, Lane filed her Answer and
Objection to Motion to Annul the Automatic Stay or in the Alternative, Motion for
Relief from Automatic Stay.  *Id*. at R. 138.  Lane argued that no cause existed for
termination of the stay, because Hargrave did have notice of the bankruptcy.  *Id*. at
R. 140.  She also alleged that she had adequate insurance and equity in the property,
but failed to attach the referenced proof of insurance and valuation.  *Id*. at R. 141.

The bankruptcy court held a hearing on the motion to annul on April 13,
2023, but the appellant failed to attach a transcript of the hearing in her appeal.
Appellee's Brief at 2-3.  The docket of the bankruptcy proceedings attached to the
Mini Record notes that the motion was granted at that hearing.  Mini Record at 26
(docket entry 7-1).  The bankruptcy court's order references that "[f]or all the
reasons stated on the record at the conclusion of the hearing, which are incorporated

- 4 -

as if fully set forth herein, the Court finds that good cause exists for entry" of the order granting the annulment of the automatic stay.  Mini Record at 20.  Lane now appeals the order of the bankruptcy court annulling the automatic stay.

## B.  Issues

Federal Rule of Bankruptcy Procedure 8009 provides that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee . . . a statement of the issues to be presented."  The appellant designated one issue on appeal:

> Appellant respectfully believed that the Court erred in entering the Order Granting Monty Hargrave's Motion to Annul the Automatic Stay as to 717 N. Commerce Street, Corsicana, Texas . . . based upon the facts and legal arguments submitted to the Court.

Appellant Record, Amended Designation of Record and Statement of Issues at 2 (docket entry 7-2).

In addition to the designated issue, the appellant raises at least four additional arguments in her brief.  *See* Appellant's Brief at 5-6.  The non-designated issues mentioned in the appellant's brief are whether actual notice of the bankruptcy was required to trigger the automatic stay, whether actual notice of the foreclosure was necessary for the foreclosure sale to be recognized, whether there was sufficient equity in the property, and whether the foreclosure sale should be rescinded.  *Id*. Upon review of the facts and legal arguments submitted to the court, the appellant raised only some of these arguments at the bankruptcy court, and others are

- 5 -

irrelevant to the core issue of whether the bankruptcy court erred in annulling the automatic stay. Accordingly, the court will only consider the portions of the appellant's brief related to whether the bankruptcy court erred in annulling the automatic stay.

## II. <u>ANALYSIS</u>

### A. <u>Standard of Review</u>

In reviewing a decision of the bankruptcy court, this court functions as an appellate court and applies the standards of review generally applied in federal court appeals. *In re Renaissance Hospital Grand Prairie Incorporated*, 713 F.3d 285, 293 (5th Cir. 2013); *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Conclusions of law are reviewed *de novo*. *In re Thomas*, 931 F.3d 449, 451-52 (5th Cir. 2019). Findings of fact, on the other hand, are not to be set aside unless clearly erroneous. *Id*. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *In re Renaissance Hospital*, 713 F.3d at 293 (quoting *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564 (1985)). A bankruptcy court's decision to grant relief from the automatic stay is "within the discretion of the bankruptcy judge, and on appeal is subject to review under an abuse of discretion standard." *In re Allen*, 122 Fed. Appx. 96, 97 (5th Cir. 2004) (per curiam). "To constitute an abuse of discretion, the [bankruptcy] court's decision must be either

- 6 -

premised on an application of the law that is erroneous, or on an assessment of the evidence that is clearly erroneous." *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir.), *cert. denied*, 531 U.S. 1013 (2000). If, after proper review, this court agrees with the bankruptcy court's findings of fact and conclusions of law, the court would then consider whether the bankruptcy court's annulling of the automatic stay constituted an abuse of discretion. See *In re Ward*, 585 B.R. 806, 814 (N.D. Tex. Mar. 15, 2018) (Fish, J.) (citing *In re Maughan*, 340 F.3d 337, 341 (6th Cir. 2003)), *aff'd*, 978 F.3d 298 (5th Cir. 2020).

## B.  Lane's Procedural Errors

Federal Rule of Bankruptcy Procedure 8009 governs the procedure for the required contents of the record on appeal. Under Rule 8009, the appellant must "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal . . . ." The designation must be filed within 14 days after a party's notice of appeal is filed or after an order granting leave to appeal is entered. FED. R. BANKR. P. 8009(a)(1)(B). The record on appeal "must include . . . any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings[.]" FED. R. BANKR. P. 8009(a)(4). The appellant must include a transcript of any hearings that serve as a basis for the bankruptcy court's ruling, in order to challenge that ruling. See *In re Foster,* 644 Fed. Appx. 336, 338 (5th Cir. 2016) (per curiam). Failure to provide a transcript of the

- 7 -

hearing on which the bankruptcy court based its ruling prevents the appellate court from properly reviewing the decision of the bankruptcy court. See *Sheppard v. Love*, No. 6:16-CV-0169-RP, 2016 WL 7324100, at *3 (W.D. Tex. Dec. 15, 2016), *aff'd sub nom*. *In re Sheppard*, 686 Fed. Appx. 289 (5th Cir. 2017) (per curiam).

Lane has failed to provide the court with a transcript of the hearing on which the bankruptcy court based its ruling. The bankruptcy court held a hearing on Hargrave's motion to annul, in which it granted Hargrave relief from the automatic stay. *See* Mini Record at 26. The subsequent order stated, "For all the reasons stated on the record at the conclusion of the hearing, . . . the Court finds that good cause exists for the entry of [the order]." *Id*. at 8. The bankruptcy court's order lacks any substantive analysis of the issues, indicating that the findings of fact and conclusions of law were stated on the record in the hearing. The court cannot discern the basis for the bankruptcy court's ruling without a hearing transcript. See *Sheppard*, 2016 WL 7324100, at *3 ("Without a transcript, the Court cannot review the findings and conclusions of the bankruptcy court.").

The Fifth Circuit has indicated that an appellant's failure to provide a transcript as required by the bankruptcy rules results in a presumption that the bankruptcy court's findings and conclusions are correct. In *In re Foster*, the appellants similarly did not provide a transcript of the hearing on which the bankruptcy court based their ruling. 644 Fed. Appx. at 338. The court concluded that the appellants

- 8 -

failed in their burden to provide an adequate record, preventing it from reviewing the facts underlying the bankruptcy court's decision.  *Id*.  Consequently, the court determined it could not rule for the appellant.

In this case, Lane asserts that the bankruptcy court erred in its ruling, but provides the court no way to review that ruling.  Accordingly, the court must presume that the bankruptcy court's findings of fact and conclusions of law are correct.  See *In re Foster*, 644 Fed. Appx. at 338 ("We cannot review [the bankruptcy court's] determination because, in their appeal to the district court and again to this court, the [appellants] failed to include in the record a transcript of the evidentiary hearing."); *In re Coady* 588 F.3d 1312, 1316 n.5 (11th Cir. 2009) (per curiam) ("We will not speculate as to potential errors in the bankruptcy court's findings or conclusions when the appellant has failed to include the relevant evidence in the record.").  The court accordingly rejects Lane's argument that the bankruptcy court erred in annulling the automatic stay.  With no ruling to review, it is impossible to determine that the bankruptcy court abused its discretion.

The record reflects the appellant's apparent lack of effort in providing an adequate record for the court.  In the appellee brief, Hargrave indicated that it was unclear whether there was a proper record before the court, given the absence of the relevant transcript.  Lane provided no reply brief but did file two motions requesting leave of court to file an amended designation of the record and an amended appellant

brief.  In the first motion, Lane acknowledged not providing the transcript, and requested leave of court to do so.  The court issued a notice of deficiency order striking and unfiling both motions.  *See* Order Striking/Unfiling Pleading (docket entry 13).  Local Civil Rule 7.1 requires the moving party to provide a certificate of conference or inability to confer when filing a motion for leave.  The rule also requires the moving party to provide a copy of the proposed order.  N.D. Tex. L. Civ. R 7.1.  Six months have passed since this court's notice of deficiency, and Lane has made no attempt to properly seek leave of court to amend the record, which still lacks the transcript.  Further, it appears to the court that Lane is attempting to use another appeal to get a second chance on issues she could not prevail on before this court due to the lack of an adequate record.  One month after the last appearance Lane made in this case, she appealed a subsequent, separate order of the bankruptcy court.  See *Lane v. Chapter 13 Trustee, et al.*, Case No. 3:23-CV-2322-S.  In this subsequent appeal, Lane designated the exact same issue as this appeal.  This time, she also included the issues briefed before this court and a copy of the missing transcript.  It appears that Lane understood the need for the transcript, but for some reason, gave up on this appeal.  This further supports this court's decision to affirm.

## III.  CONCLUSION

For the reasons discussed above, the order of the bankruptcy court is **AFFIRMED**.

- 10 -

**SO ORDERED**.

March 26, 2024.

A. JOE FISH
Senior United States District Judge